UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| A.L. ARMSTRONG,<br><br>               Plaintiff,<br><br>   v.<br><br>CITY OF SPOKANE,<br><br>              Defendants. | NO.   CV-10-0368-JLQ<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT OF DISMISSAL** |

    Plaintiff, a pro se litigant who has paid the full filing fee, has filed a document captioned "Motion to Move Case No. P10000188 - Municipal Court to U.S. District Court." Ct. Rec. 1.   Plaintiff appears to seek the involvement of this court in a state court criminal nuisance action filed against him by the City of Spokane.

**I. Legal Standard**

    The *Younger* abstention doctrine forbids federal courts from enjoining pending state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971)*; San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087 (9th Cir. 2008); *Kenneally v. Lundgren*, 976 F.2d 329, 331 (9th Cir.1992), [ cert. denied ], 506 U.S. 1054 (1993). *Younger* abstention applies to civil proceedings as well as criminal proceedings "provided those proceedings implicate important state interests." *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987) (citations omitted). "Younger generally directs a federal court to abstain from granting

ORDER - 1

injunctive or declaratory relief that would interfere with pending state judicial proceedings." *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997).

A federal court "must abstain under Younger if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). When Younger abstention applies, a federal court may not retain jurisdiction over the case and is required to dismiss the action. *World Famous Drinking Emporium*, 820 F.2d 1079, 1081.

**II. Discussion**

In the present case, all four requirements of the Younger doctrine are satisfied. First, to determine whether there is a pending state judicial proceeding within the meaning of *Younger*, the critical question is "whether the state proceedings were underway before the initiation of the federal proceedings." *Weiner v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994). Plaintiff has provided the court with a record on which the undersigned can assess ongoing state proceedings exist. The Summons filed October 7, 2010 in the state court set the matter for hearing October 21, 2010. Accordingly, the first prong is met because the state court proceedings were underway before the initiation of the federal proceedings.

The second prong, that the proceedings implicate an important state interest, is also met. The action initiated in a municipal court against Plaintiff seeking enforcement of a municipal nuisance ordinance involves an important state interest. *See World Famous Drinking Emporium*, 820 F.2d at 1082-83 (civil proceeding implicated state's interest in enforcing municipal ordinances regulating public nuisances).

ORDER - 2

The third prong of *Younger* abstention is also met because "[p]roceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation." *Middlesex*, 457 U.S. At 432. Plaintiff has the opportunity to litigate any federal claims in the state court proceeding.

The final Younger requirement is also satisfied because the federal suit would "enjoin or have the practical effect of enjoining the [state] proceeding." *San Jose Silicon Valley Chamber of Commerce*, 546 F.3d at 1095. Though the relief Plaintiffs seeks is not entirely clear, by filing his action on the very day of the scheduled municipal court hearing it seems as though Plaintiff desires this court to involve itself in terminating or enjoining the state court proceeding. As such, the four Younger requirements have been satisfied.

Abstention is therefore required in this case unless an exception to Younger applies, of which there are few. Federal courts do not interfere with pending state proceedings, absent extraordinary circumstances that create a threat of irreparable injury. *Younger*, 401 U.S. at 53-54. Plaintiff asserts "If the city can put me in jail they will raise my house." Ct. Rec. 1. As there is no evidence that Plaintiff is in jail, that there is a demolition order currently in effect, or that any such order could not be challenged in state courts, this court does not find the Plaintiff faces irreparable harm pending the municipal action.

**II. Conclusion**

*Younger* abstention required dismissal of this action. Accordingly, **IT IS HEREBY ORDERED:** The Clerk of this court shall enter this Order, enter judgment of dismissal with prejudice, forward copies to Plaintiff and to Michael C. Valerien, Assistant City Prosecutor for the City of Spokane, Spokane City Hall, and **CLOSE THE FILE**.

**DATED** this 28th day of October, 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3